IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E.S. WELCH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 13-0174-WS-C |
| ) | |
| CHARLES R. GODWIN, etc., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted). Therefore, the Court must determine at the outset whether it has subject matter jurisdiction over this action. The complaint herein invokes no fount of federal jurisdiction, and the Court can detect none.

A requirement that the plaintiff produce a more definite statement is appropriate when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The "complaint" herein, which consists of a single page addressed to "Sis," plus 22 pages of apparently random attachments, easily falls within Rule 12(e). The Court has authority to order repleader even when no defendant requests it,[1] and the Court does so now.

---

[1] *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996); *accord Holbrook v. Castle Key Insurance Co.*, 405 Fed. Appx. 459, 460 (11th Cir. 2010).

The plaintiff is reminded that a complaint "must contain … a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "[e]ach allegation [in the complaint] must be simple, concise, and direct." *Id*. Rule 8(d)(1). Moreover, the complaint "must contain … a short and plain statement of the grounds for the court's jurisdiction." *Id*. Rule 8(a)(1). "A party must state its claims … in numbered paragraphs," *id*. Rule 10(b), and these paragraphs must "each be limited as far as practicable to a single set of circumstances." *Id*. Finally, Local Rule 5.1 requires that pleadings be double-spaced and with certain margin and font parameters. The pleading the plaintiff has submitted grossly violates each of these requirements.

The plaintiff, as a frequent litigant in this District, is well aware of these rules.[2] Indeed, less than two weeks ago Magistrate Judge Milling returned the plaintiff's documents to him, citing a failure to allege subject matter jurisdiction and warning him that he must comply with Rule 8.[3] The plaintiff did not amend his documents but merely re-filed them, this time along with the filing fee. But payment of a filing fee does not insulate a litigant from dismissal for lack of jurisdiction or failure to properly plead a case.

For the reasons set forth above, the plaintiff is **ordered** to file, on or before **April 29, 2013**, an amended complaint clearly setting forth the asserted basis or bases of subject matter jurisdiction; providing sufficient material for the Court to determine whether such jurisdiction exists; and complying with the pleading rules addressed above. Failure to do so will result in the dismissal of this action without prejudice.[4]

---

[2] *See, e.g., Welch v. Darby*, Civil Action No. 11-0595-WS-C (Docs. 3-4) (dismissed for failure to allege subject matter jurisdiction); *Welch v. McCants*, Civil Action No. 00-0326-P-D (Doc. 4) (dismissed for failure to allege subject matter jurisdiction or comply with Rule 8); *Welch v. Byrne*, Civil Action No. 99-0013-P-S (Doc. 4) (dismissed for failure to allege subject matter jurisdiction).

[3] The Clerk is directed to attach a copy of Judge Milling's order to this order.

[4] The Court is aware that the plaintiff is representing himself, that is, "pro se." All such litigants, however, "shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil … Procedure, unless otherwise excused from operation of the rules by

DONE and ORDERED this 12th day of April, 2013.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

court order." Local Rule 83.9(b). Moreover, "both the Supreme Court and [the Eleventh Circuit' have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005). Likewise, "even in the case of pro se litigants … a court [does not have] license to serve as de facto counsel for a party, [citation omitted], or to rewrite an otherwise deficient pleading in order to sustain an action …." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 159, 1369 (11th Cir. 1998).